IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00446-BNB

DAVID HAGER,

    Plaintiff,

v.

ICCS STAFF BRIAN HULSE,
ICCS STAFF TIM MERNA,
ICCS STAFF CAROL SCHROEDER,
ICCS HALFWAY HOUSE, Location 1651 Kendall Street, Lakewood, Colorado 80214,
DEPARTMENT OF CORRECTION [sic], and
CITY OF LAKEWOOD,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 2 7 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF
TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff David Hager is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Buena Vista, Colorado, Correctional Facility. Mr. Hager has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. In the Complaint, Plaintiff asserts that while he was housed at the Community Corrections Center in Lakewood, Colorado, he was denied proper medical treatment for his diabetes and as a result has suffered permanent injury.

The Court must construe the Complaint liberally, because Mr. Hager is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hager will be ordered to file an Amended Complaint.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each named Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Also, a defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Plaintiff has failed to state specifically what Defendants Brian Hulse and Tim Merna did to violate his constitutional rights.

Defendants Department of Corrections and ICCS Halfway House are not properly named parties to the action. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh

2

Amendment immunity, **see Griess v. Colorado**, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, **see Quern v. Jordan**, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. **See Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n**, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Hager also may not sue Defendant City of Lakewood. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Hager cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

In addition, Mr. Hager states that a formal grievance procedure is not available at the institution where he is confined and, therefore, that he has not exhausted his claims. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of

whether the suit involves general circumstances or particular episodes. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

While Mr. Hager was housed in community corrections he still remained under the authority of the DOC. The claims that he asserts relate to the conditions he was subjected to while he was housed in community corrections. He must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Hager must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). If Mr. Hager has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

As for Plaintiff's claim that a grievance procedure was not available to him concerning the claims he raises, under DOC Administrative Regulations No. 850-04 IV.A.2. the grievance procedure is available to offenders who have been released to parole, community, or ISP supervision. Mr. Hager, therefore, will be ordered to show cause why the Complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure. Accordingly, it is

ORDERED that Mr. Hager file **within thirty days from the date of this Order** an original copy of an Amended Complaint that states what each named Defendant did to violate his constitutional rights and that shows cause why the Complaint should not

be dismissed for failure to exhaust the DOC's three-step administrative remedy procedure. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Hager, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Hager submit sufficient copies of the Amended Complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Hager fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 27th day of July, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00446-BNB

David C. Hager
Prisoner No. 121517
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER** and **two copies of Prisoner Complaint** to the above-named individuals on 7/27/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk