IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00446-BNB

DAVID HAGER,

    Plaintiff,

v.

ICCS HALFWAY HOUSE,
DEPARTMENT OF CORRECTIONS,
BRIAN HULSE,
TIM MERNA, and
CAROL SCHROEDER,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
           COLORADO

SEP - 5 2006

GREGORY C. LANGHAM
                 CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff David Hager is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at a community corrections facility in Denver, Colorado. Mr. Hager submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. On July 27, 2006, Magistrate Judge Boyd N. Boland entered an order instructing Plaintiff to amend the Complaint, assert personal participation by named Defendants, and to plead exhaustion of his administrative remedies.

On August 25, 2006, Plaintiff filed an Amended Complaint. Attached to the Amended Complaint is a typed statement regarding Plaintiff's claims. In the statement he asserts that he is a diabetic and that during the time he was housed in community corrections in 2004 Defendants Brian Hulse, Tim Merna, and Carol Schroeder failed to provide him with needed insulin. Plaintiff also alleges that because Defendants Hulse,

Merna, and Schroeder ignored his requests for his insulin he went into diabetic shock and had to be transported to the hospital. He further contends that as a result of Defendants' actions he has suffered permanent injury. Mr. Hager also states that he exhausted his administrative remedies by filing a grievance with the proper personnel at the community corrections facility.

The Court must construe the Complaint liberally because Mr. Hager is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

The case and the claims alleged against Defendants Hulse, Merna, and Schroeder will be drawn to a district judge and to a magistrate judge.

Defendants (Colorado) Department of Corrections and ICCS Halfway House, however, will be dismissed from the action. Defendant DOC is considered an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5. The DOC and its correctional facilities also are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation

of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Accordingly, it is

ORDERED that Defendants Colorado Department of Corrections and ICCS Halfway House are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court shall remove Defendants Colorado Department of Corrections and ICCS Halfway House from the docket as parties to the action. It is

FURTHER ORDERED that the case and the claims alleged against remaining Defendants Brian Hulse, Tim Merna, and Carol Schroeder shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __5__ day of __Sept.__, 2006.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00446-BNB

David C. Hager
Prisoner No. 121517
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

David C. Hager
Prisoner No. 121517
1450 E. 62nd Ave
Denver, CO 80216

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/5/06

                                            GREGORY C. LANGHAM, CLERK

                                            By_____
                                                      Deputy Clerk