IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00446-REB-CBS

DAVID HAGER,
    Plaintiff,
v.

BRIAN HULSE,
TIM MERNA, and
CAROL SCHROEDER,
    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

Pursuant to the Order of Reference dated September 11, 2006 (doc. # 14), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other nondispositive motions" and "submit proposed findings of fact and recommendations for rulings on dispositive motions . . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the following reasons, the court recommends that this civil action be dismissed.

1.    Hager's Failure to Appear on December 18, 2006

This civil action came before the court on December 18, 2006 for a preliminary scheduling conference. Counsel for Defendant Hulse appeared in person. Plaintiff Hager did not appear in person, via telephone or through counsel. The December 18, 2006 preliminary scheduling conference was set by Minute Order dated October 10, 2006 (doc. # 23). The court mailed a copy of the October 10, 2006 Minute Order to Hager at Buena Vista Correctional Facility, P.O. Box 2017, Buena Vista, CO 81211, one of the addresses provided to the court by Hager. (*See* docs. # 2, # 3, # 4). The court's records indicate that

1

Hager's copy of the October 10, 2006 Minute Order was not returned to the court as undeliverable.

2.    Hager's Failure to Comply with D.C. COLO. LCivR 10.1 M.

On December 18, 2006, at approximately 8:30 a.m., a member of the court's staff spoke via telephone with an employee of the Buena Vista Correctional Facility, who indicated that Hager is no longer incarcerated at the Buena Vista Correctional Facility and that Hager was paroled on December 7, 2006. Hager has failed to file notice with the court pursuant to D.C. COLO. LCivR 10.1 M. within ten days after any change of address or telephone number.

3.    Hager's Failure to Comply with 28 U.S.C. § 1915

On May 26, 2006, the court granted Hager leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Hager was permitted to proceed with this civil action by paying an initial partial filing fee of $38.00 and was ordered to pay the remainder of the required $350.00 filing fee through monthly installments. (*See* May 26, 2006 Order (doc. # 8) at p. 2). Title 28 U.S.C. §1915(b)(2) requires that a prisoner "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." Thus, the court ordered Hager to "make monthly payments to the court of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month . . . why he has no assets and no means by which to make the monthly payment." (May 26, 2006 Order at p. 2). Hager was directed that, in order to show cause, he "must file a current certified copy of his trust fund account statement." (May 26, 2006 Order at p. 2). Hager was warned that failure to comply with these requirements may result in dismissal of his complaint without further notice. (May 26, 2006 Order at pp. 2-3).

On October 20, 2006, the court again advised Hager that he is required to make

monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment. (*See* "Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause" (doc. # 24)). The court again warned Hager that failure to comply with the court's Order may result in dismissal of his complaint without further notice. (October 20, 2006 Order at p. 3).

Since submitting his $38.00 initial partial filing fee on July 6, 2006 (*see* doc. # 9), Hager has not made a single monthly partial filing fee payment or filed any inmate trust fund account statement indicating that he has no assets and no means by which to make the monthly payment. As of this date, Hager has not responded to the court's October 20, 2006 Order. The October 20, 2006 Order was mailed to Hager at the address provided to the court. (*See* docs. # 2, # 3, # 4). The court's records indicate that Hager's copy of the October 20, 2006 Order was not returned in the mail as undeliverable.

4.      Hager's Failure to Timely Serve Defendants Merna and Schroeder

As Hager is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court ordered service of the Complaint on Defendants by the United States Marshal. (*See* doc. # 15). Pursuant to the court's September 11, 2006 "Order Requiring Service by United States Marshal," a representative of the U.S. Marshal attempted to serve Defendants Merna and Schroeder at Intervention Community Corrections, 1651 Kendal Street, Lakewood, CO 80214. On September 13, 2006, the court received returns of service (docs. # 16 and # 17) directed to Defendants Merna and Schroeder and completed by a representative of the U. S. Marshal. The returns of service indicate that Defendants Merna and Schroeder "no longer work[ ] at this company." (*See* docs. # 16 and # 17). Based on the information before the court, Defendants Merna and Schroeder cannot be served at the address provided by Hager.

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Approximately 123 days have passed since the filing of this civil action and the record before the court indicates that Defendants Merna and Schroeder have not been served with a summons and complaint in this action. To date, Defendants Merna and Schroeder have not filed with the Clerk of the Court a signed waiver of service or otherwise appeared in this civil action.

While an incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint, there is no indication in this case that the U.S. Marshal or the Clerk of the Court have failed to perform their duties to serve Defendants Merna and Schroeder. The U.S. Marshal has attempted service to no avail. The court need not require the U.S. Marshal or the Clerk of the Court to search for Defendants Merna or Schroeder. As Hager has not provided proof of service of the summons and complaint on Defendants Merna and Schroeder within 120 days after the filing of the complaint, Defendants Merna and Schroeder may be dismissed from this civil action pursuant to Rule 4(m) for failure to effect service and pursuant to D.C.COLO. LR 41.1 for failure to prosecute.

5.   Conclusion

In sum, Hager failed to respond to the court's October 20, 2006 "Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause," failed to appear at the December 18, 2006 preliminary scheduling conference, failed to serve Defendants Merna

4

and Schroeder, failed to prosecute this civil action, and has failed to comply with the Local Rules of Practice of the United States District Court for the District of Colorado and the court's orders.

Accordingly, IT IS RECOMMENDED that:

1. This civil action be dismissed without prejudice pursuant to D.C.COLO. LR 41.1 for failure to comply with the court's Orders dated May 26, 2006 (doc. # 8) and October 20, 2006 (doc. # 24), failure to appear at the December 18, 2006 preliminary scheduling conference, failure to prosecute, and failure to comply with the Local Rules of Practice of the United States District Court for the District of Colorado and the court's orders.

2. Defendants Merna and Schroeder be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for Hager's failure to timely provide proof of service of the summons and Complaint in this civil action within 120 days after the filing of the complaint.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th*

*Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 26th day of December, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge